**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James T. McDaniel, | No. 07-cv-00626-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Federal Bureau of Investigation; United States Department of Justice, | |
| Defendants. | |

Pending before the Court is Defendants' Motion for Summary Judgement (Doc. #7). The Court now rules on the Motion.

**I. BACKGROUND**

On June 17, 2005, Plaintiff James McDaniel sent a letter ((Doc. #7) Letter 1, Exh. A, p. 2) to the Federal Bureau of Investigation ("FBI"), Phoenix, Arizona Field Office, requesting copies of documents concerning his "personal files which originated in Washington, D.C. in the 1950's," pursuant to the Freedom of Information Act. *See* Complaint (Doc. #1), p. 3. The FBI responded by letter dated July 29, 2005 ((Doc. #7) Letter 2, Exh. B, p. 4), informing Plaintiff that "a search of the automated and manual indices of the central record system for Phoenix Field Office located no records identifiable to [Plaintiff's] FOIPA request." *See* (Doc. #7) p. 1. This letter also notified the Plaintiff of the administrative appeal procedure. *See* (Doc. #7) Exh. B, p. 4. Plaintiff appealed, and in a letter

1 dated August 9, 2005 ((Doc. #7) Letter 3, Exh. C, p. 6), Plaintiff informed the Office of Information and Privacy, Department of Justice, that he was requesting a search of FBI records at his place of birth in Washington D.C. rather than in Phoenix, Arizona. *See* (Doc. #7) Exh. C, p. 6. In a final letter dated December 11, 2006 ((Doc. #7) Letter 4, Exh. D, p. 8), the Department of Justice, Office of Information and Privacy, advised Plaintiff that the FBI's actions were affirmed in regards to his request - there were no records found in response to his requested search of the Phoenix Field Office. The letter further informed the Plaintiff that requests for records must be submitted directly to the appropriate field office - in this case the FBI's Washington Metropolitan Field Office. *See* (Doc. #7) Exh. D, p. 8. The Plaintiff then initiated the action currently pending before this Court.

**II. ANALYSIS AND CONCLUSION**

**A. Legal Standard**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." FED. R. CIV. P. 56(c). Thus, summary judgment is mandated, ". . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id.* at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id.* A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. However, in the summary judgment context,

the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

**B. Discussion**

In their Motion for Summary Judgment, Defendants claim that Plaintiff is barred from bringing this suit because he failed to exhaust available administrative remedies.[1] Courts consistently have held that administrative remedies must be exhausted prior to judicial review of record requests pursuant to the Freedom of Information Act ("FOIA"). *See*, *e.g.*, *In re Steele*, 799 F.2d 461, 466 (9th Cir. 1986) (holding that under the FOIA, a party's "failure to exhaust their administrative remedies deprived the district court of the authority to issue an order compelling disclosure of requested information."). Courts have further held that a request is defective, and therefore not sufficient as an attempt to exhaust administrative remedies, when (1) the request is submitted to the wrong party, and (2) the party fails to file a perfected request. *See Tuchinsky v. Selective Service System,* 418 F.2d 155, 158 (7th Cir. 1969) (holding that the plaintiff failed to exhaust his administrative remedies when he requested records from the state and national directors, rather than the appropriate local board); *see also Dale v. I.R.S.*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002) (holding that an agency's obligations under the FOIA commence upon receipt of a valid request; and failure to file a perfected request constitutes failure to exhaust administrative remedies).

In this case, Plaintiff James McDaniel failed to exhaust his administrative remedies. Pursuant to 28 C.F.R. §§ 16.3(a) and 16.41(a), Plaintiff's initial request for documents under the FOIA ((Doc. #7) Exh. A, p. 2), was sufficient to warrant a search of documents in the

---

[1] Failure to exhaust administrative remedies is generally a "non-enumerated" basis for a motion to dismiss under Rule 12(b)(6). However, absent specific exceptions, the Court will not consider evidence or documents beyond the complaint in the context of a 12(b)(6) motion. *See Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). When a party files affidavits and other evidence in support of a 12(b)(6) motion to dismiss, the Court may, with notice, convert the motion to a FED. R. CIV. P. 56 motion for summary judgment. FED. R. CIV. P. 12. Recognizing this, Defendants filed this motion as a Motion for Summary Judgment.

Phoenix, Arizona Field Office only. This search was conducted and no relevant documents were found. Plaintiff's second letter ((Doc #7) Exh. C, p. 6), which more specifically requested a search of records located in Washington D.C., was submitted to the Office of Information and Privacy, rather than to the appropriate location - the FBI's Washington Metropolitan Field Office. *See* (Doc. #7) Exh. D, p. 8. The submission of the request to the wrong party constituted a defective request and therefore a failure to exhaust administrative remedies. As such, "[w]here no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *In re Steele*, 799 F.2d at 466 (citing *Hedley v. United States,* 594 F.2d 1043, 1044 (5th Cir. 1979)). The Court therefore lacks jurisdiction over Plaintiff's case because of his failure to exhaust administrative remedies.

Because the Court has determined that the Defendant is entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies, it will not address the remaining agency obligation and service of process issues.

Accordingly,

IT IS ORDERED GRANTING Defendant's Motion for Summary Judgment (Doc. #7).

DATED this 31st day of October, 2007.

_____
James A. Teilborg
United States District Judge